```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

FIRST SPECIALTY INSURANCE
CORPORATION                                              PLAINTIFF

    v.                Civ. No. 08-6012

HAWGS PIZZA PUB, INC.,
MATTHEW DAVID WEBB,
and ED WILLIAMS                                          DEFENDANTS

### MEMORANDUM OPINION

Currently before the Court are First Specialty Insurance Corporation's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 11), Hawgs Pizza Pub, Inc.'s Response to Plaintiff's Motion for Summary Judgment (Doc. 12), and Ed Williams's Response to Motion for Summary Judgment. (Doc. 13). For the reasons stated herein, Plaintiff's Motion for Summary Judgment is **GRANTED**.

### I.  Background

In determining whether summary judgment is appropriate, a court must view the facts and inferences in the light most favorable to the non-moving party. *See*, *Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997).  The following facts are undisputed except where otherwise noted.

1. First Specialty Insurance Corporation ("First Specialty") issued commercial general liability insurance policy no. FGL209006891400 to Hawgs Pizza Pub, Inc. ("Hawgs Pizza") on May 4, 2006.  The policy was valid until May 4, 2007.
2. The policy included an exclusion stating:

> This insurance does not apply to "bodily injury" or "property damage" or "personal and advertising injury" arising directly or indirectly out of:
>
> 1. Assault or Assault and battery whether caused by or at the instruction of, or at the direction of, or negligence of, the insured, the insured's employees, patron or any causes whatsoever;
>
> 2. The negligent:
>
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Training;
>    e. Reporting to the proper authorities or failure to so report; or
>    f. Retention;
>
>    of a person for whom any insured is or ever was legally responsible and whose conduct would be described by Paragraph 1. above;
>
>    . . .
>
> 4. The prevention or suppression of such assault and battery.

(Doc. 1-2, p. 31).

3. On January 1, 2007, Ed Williams and his family gathered at Hawgs Pizza.

4. During this gathering, Williams was allegedly attacked by Matthew Webb—a member of a band that was performing at Hawgs Pizza.

5. Webb allegedly exited the stage with intent to cause harmful contact and struck Williams, thereby causing facial fractures and nerve damage.

6.  On June 19, 2007, Williams filed a tort claim—styled *Ed Williams v. Matthew David Webb and Hawgs Pizza Pub, Inc.*—in the Circuit Court of Garland County, Arkansas.

7.  In his complaint, Williams attempts to hold Hawgs Pizza vicariously liable for the battery allegedly committed by Webb on January 1, 2007.[1]  (Doc. 1-3, para 13-16).

8.  In his complaint, Williams further alleges that Hawgs Pizza breached its duty of care to him by failing to maintain the premises in a reasonably safe condition and/or failing to provide for his safety. (Doc. 1-3, para 18).  More specifically, Williams alleges that Hawgs Pizza breached its duty by hiring Webb, failing to train and instruct Webb, failing to supervise Webb, failing to regulate and control the consumption of alcoholic beverages, and failing to provide adequate security. (Doc. 1-3, para 19).

9.  On February 2, 2008, First Specialty filed a declaratory judgment action pursuant to 28 U.S.C. § 2201 seeking declaration that under the terms of Hawgs Pizza's insurance policy, it has no duty to defend or indemnify Hawgs Pizza in the Arkansas state case of *Ed Williams v. Matthew David Webb and Hawgs Pizza Pub, Inc.*

---

[1] Hawgs Pizza denies in its Response to Plaintiff's Motion for Summary Judgment that Williams is suing Hawgs Pizza for assault and battery.  However, to the extent that Hawgs is vicariously liable for Webb's conduct, it may be liable for damages arising from the alleged conduct of Webb.

**II. Standard**

The party moving for summary judgment bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law.  *See*, Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Uhl v. Swanstrom*, 79 F.3d 751, 754 (8th Cir. 1996).  The proper construction and legal effect of an insurance contract is a matter of law.  *Elam v. First Unum Life Ins. Co.,* 346 Ark. 291, 297, 57 S.W.3d 165, 170 (2001).  Accordingly, because there are no issues of material fact, disposition by summary judgment is appropriate in this case.

**III.  Analysis**

In the present case, the proper interpretation of the assault and battery exclusion in an insurance contract is at issue.  The task of this Court is to attempt to interpret the language in question as the Arkansas Supreme Court would if this case were before it.  *Crussell v. Electrolux Home Products, Inc.*, 499 F. Supp. 2d 1137, 1138 (W.D. Ark. 2007).  In so doing, the Court can consider "related state court precedents, analogous decisions, considered dicta, and other reliable sources in an effort to determine what the Supreme Court's decision would be."  *Id*. at 1138-39 (quoting *Kennedy Building Associates v. Viacom, Inc.*, 375

F.3d 731, 738 (8th Cir. 2004)).

The language in an insurance policy is to be construed in its "plain, ordinary, popular sense." *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 363, 16 S.W.3d 242, 244 (2000). "[I]f the provision is unambiguous, and only one reasonable interpretation is possible, [the court] will give effect to the plain language of the policy without resorting to the rules of construction." *Western World Ins. Co., Inc. v. Branch*, 332 Ark. 427, 430, 965 S.W.2d 760, 761 (1998). "On the other hand, if the language is ambiguous, [the court] will construe the policy liberally in favor of the insured and strictly against the insurer." *Elam*, 346 Ark. at 297, 57 S.W.3d at 169. "Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation." *Id*. Whether contractual language is ambigious is a matter of law. *Norris*, 341 Ark. at 366, 16 S.W.3d at 246.

The parties in the present case have directed the Court's attention to a single decision from the Arkansas Court of Appeals addressing the proper interpretation of an insurance policy's assault and battery exclusion—*Gawrieh v. Scottsdale Ins. Co.*, 83 Ark. Ct. App. 59, 117 S.W.3d 634 (2003). In *Gawriech*, the Court of Appeals held that the assault and battery exclusion under consideration was ambiguous, and therefore, it did not exclude coverage for a negligence suit against a nightclub stemming from an

incident during which one patron shot another.  *Id*. at 70, 117 S.W.3d at 640.  The policy in question stated that:

> This insurance does not apply to Bodily Injury or Property Damage arising from:
>
> A. Assault and Battery committed by any insured, any employee of any insured, or any other person, whether committed by or at the direction of any insured;

*Id*. at 63, 117 S.W.3d at 635-36.  Interpreting this language, the Court of Appeals focused on the phrase "by or at the direction of any insured" and determined that it could be construed as excluding coverage only for those assaults and batteries committed by or at the direction of the insured.  Under this construction, the policy did not unambiguously exclude coverage for third-party assaults and batteries.  *Id*. at 70, 117 S.W.3d at 640.

The policy issued to Hawgs Pizza states:

> This insurance does not apply to "bodily injury" or "property damage" or "personal and advertising injury" arising directly or indirectly out of:
>
> 1. Assault or Assault and battery whether caused by or at the instruction of, or at the direction of, or negligence of, the insured, the insured's employees, patron or any causes whatsoever;

Like the exclusion in *Gawrieh*, this policy excludes coverage for assaults and batteries committed "by . . . or at the direction of . . . the insured . . . ."  *Gawrieh*—as an Arkansas Court of Appeals decision—is persuasive authority that this provision—standing alone—is ambiguous.

However, in the policy issued to Hawgs Pizza, the provision

does not stand alone. Rather, the provision—read in its entirety—excludes coverage for assaults and batteries caused by or at the instruction, direction, or negligence of the insured, the insured's employees, patron, or any other cause whatsoever. It is well established that "[l]egal effect must be given to all the language used." *McGarrah by McGarrah v. Southwestern Glass Co.*, 41 Ark. Ct. App. 215, 220, 852 S.W.2d 328, 331 (1993). Based on the broad scope of its language, the Court finds that the policy in question unambiguously excludes coverage for all bodily, property, personal, and advertising injury arising directly or indirectly from an assault or battery—no matter its cause. *See*, *e.g.*, *Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.*, 721 So. 2d 402, 404 (Fla. Dist. Ct. App. 1998) (stating that the "catchall language of 'any causes whatsoever' is certainly sufficient to encompass the acts of unknown third parties"). Accordingly, because the language is not ambiguous, the Court must effectuate its plain meaning. *Branch*, 332 Ark. at 430, 965 S.W.2d at 761. The battery allegedly committed by Webb is not covered under Hawgs Pizza's policy.

The finding that the insurance policy in question excludes coverage for the alleged battery by Webb resolves only part of this case. Williams also seeks recovery directly from Hawgs Pizza based on its own negligence. Thus, the issue becomes whether Williams's negligence claim arises "directly or indirectly out of" the alleged

battery.[2]  In other words, but for the battery, would Williams have a negligence claim?

In his complaint, Williams alleges that Hawgs Pizza breached its duty of care to him by failing to maintain the premises in a reasonably safe condition and/or failing to provide for his safety. Particularly, Hawgs Pizza breached its duty by hiring Webb, failing to train and instruct Webb, failing to supervise Webb, failing to regulate and control the consumption of alcoholic beverages, and failing to provide adequate security.  The essence of Williams's allegations is that if Hawgs Pizza had not been negligent, he would not have suffered the alleged battery.  It is clear, therefore, that his negligence action arises "directly or indirectly out of" out of the alleged battery.  This interpretation is in line with the clear majority of cases addressing this issue. *See*, *e.g.*, *Hunt v. Capitol Indem. Corp.*, 26 S.W.3d 341, 344 (Mo. Ct. App. 2000); *Berg v. Schultz*, 526 N.W.2d 781, 783 (Wis. Ct. App. 1994) ("We must focus on the incident or injury that gives rise to the claim, not the plaintiff's theory of liability."); *Ross v. City of Minneapolis*, 408 N.W.2d 910, 912 (Minn. Ct. App. 1987) ("The term 'arising out of' requires only a causal connection; it does not require proximate cause.").  The language in an insurance policy is

---

[2]The policy in *Gawriech* contained similar language.  The Arkansas Court of Appeals did not address the manner in which the language impacted coverage. However, to the extent that the language would not have encompassed negligence, the assault and battery exclusion would have been inapplicable. Thus, at least implicitly, the "arising from" language in *Gawriech* encompassed negligence.

to be construed in its "plain, ordinary, popular sense." *Norris*, 341 Ark. at 363, 16 S.W.3d at 244. Thus, the policy excludes coverage for Williams's negligence action against Hawgs Pizza.

**IV. Conclusion**

For the foregoing reasons, the Court declares that First Specialty has no duty to defend or indemnify Hawgs Pizza in the case of *Ed Williams v. Matthew David Webb and Hawgs Pizza Pub, Inc.* filed in the Circuit Court of Garland County, Arkansas on June 19, 2007. Accordingly, First Specialty's Motion for Summary Judgment is GRANTED. Each party is responsible for its own fees and costs.

IT IS SO ORDERED this 14th day of October, 2008.

> */s/ Robert T. Dawson*
> Honorable Robert T. Dawson
> United States District Judge